UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICOLE JOULLIAN, Individually and on Behalf of All Others Similarly Situated, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| WHITE LODGING SERVICES CORP., and RLJ DEVELOPMENT, LLC Defendants. | § § § § | JURY TRIAL DEMANDED |

# PLAINTIFF'S ORIGINAL COMPLAINT—COLLECTIVE ACTION

## I. SUMMARY

1. Defendants require and/or permit various employees to work hours for which they are not compensated as front desk personnel at their numerous hotels across Texas, Colorado, Indiana, Florida, Connecticut, Illinois, Kentucky, Michigan, New Jersey, Pennsylvania, Tennessee, and Utah, but refuse to compensate them for such hours at the regular or overtime rates required under the Fair Labor Standards Act.

2. Consequently, Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for all hours worked at their regular rate of pay and for all hours in excess of 40 in a work week at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3. Plaintiff, Nicole Joullian, is a non-exempt former employee of Defendants who has not been compensated for all hours worked as required by law, and files this collective action to recover unpaid wages and overtime compensation owed to her individually and on behalf of all other similarly situated employees, current and former, of Defendants (hereinafter referred to as "Class Members").

## II. SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## III. PARTIES AND PERSONAL JURISDICTION

6. Plaintiff, Nicole Joullian, is an individual residing in Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit A.

7. The Class Members are Defendants' current and former employees working as front desk personnel including, but not limited to, front desk supervisors, guest services representatives, sales coordinators and sales interns at any time from May 15, 2003 forward at one ore more of Defendants' hotels throughout the United States.

8. Defendant, White Lodging Services Corp. is an Indiana Corporation with its headquarters and principal place of business at 1000 East 80th Place, Suite 600 North, Merrillville, IN 46410. It may be served with process by serving its registered agent as follows: CT Corporation System, 350 St. Paul, Dallas, Texas 75201. The clerk is requested to issue citation for service at this time and return said citation to counsel for plaintiffs for service in accordance with the rules.

9. Defendant, RLJ Development, LLC has recently acquired or is in the process of acquiring most of the properties related to this cause of action from White Lodging Services Corp. RLJ Development, LLC was at one time a Texas Corporation but has forfeited its charter in Texas. RLJ Development has no registered agent for service in Texas and therefore, service upon RLJ Development, LLC can properly be made by serving its president, Thomas J. Baltimore, Jr. at the home office of RLJ Development, LLC located at 6903 Rockledge Drive,

Suite 910, Bethesda, Maryland, 20817.  The clerk is requested to issue citation for service at this time and return said citation to counsel for plaintiffs for service in accordance with the rules.

10. White Lodging Services Corp. is a fully integrated hotel ownership, development and operating company. It operates approximately 110 hotels throughout the United States.  RLJ Development, LLC has or is about to purchase some or all of the properties related to this cause of action.

11. White Lodging Services Corp. is a non-resident corporation conducting business in the Southern District of Texas.  RLJ Development, LLC is a non-resident corporation conducting business in the Southern District of Texas.

12. This court has personal jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

13. Defendants have and continue to have continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

14. In particular, Defendants operate at least three hotels in Houston, 13 hotels in Austin, one in Dallas and four in San Antonio.  Defendants' employs Texas citizens at each one of these hotels. Defendants advertise in the Texas yellow pages for each one of its Texas-based hotels.

15. This cause of action arose from or relates to the contacts of Defendants with Texas, thereby conferring specific jurisdiction over these Defendants as well.

16. In particular, Defendants employed Texas citizens and failed to pay them for all hours worked in accordance with the Fair Labor Standards Act.  This claim is based on the exact contact that Defendant has had with the forum state.

17. Furthermore, Defendants engaged in activities constituting business in the state of Texas in that said Defendants contracted with Texas residents and performance of the

agreements in whole or in part thereof was to occur in Texas, and these Defendants recruit or have recruited Texas residents for employment inside or outside this state.

## IV. COVERAGE

18. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

19. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

20. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

21. This court has subject matter jurisdiction over these FLSA claims pursuant to "enterprise coverage." In particular:

   a. Two or more of the Defendants' employees regularly use the United States Postal Service and other private mail couriers to deliver parcels and other mail across state boundaries.

   b. Two or more of the Defendants' employees regularly use the United States Postal Service and other private mail couriers to deliver time sheets and other company documents across state boundaries.

   c. Two or more of the Defendants' employees regularly order and receive goods from out-of-state vendors.

   d. Two or more of the Defendants' employees regularly handle and/or work with supplies or tools that have been received from or produced out of the state in which they work.

   e. Two or more of the Defendants' employees process financial transactions for customers with out-of-state banks.

   f. Two or more of Defendants' employees interact with clientele from other states on a regular basis.

    g. Two or more of Defendants' employees regularly engage in interstate phone calls with other out-of-state employees of Defendants and their numerous clients located in other states.

    h. Two or more of Defendants' regularly employees take reservations from clientele outside of the state in which they work or from commercial vendors in other states.

    i. Two or more of Defendants' employees regularly travel across state boundaries to perform their jobs for Defendants.

    j. Defendants has a presence in at least 12 different states and its normal day-to-day affairs require that at least two of their employees engage in activities related to interstate commerce including accounting, sales, marketing, banking, human relations, and other normal functions of a multi-state company.

22. In addition, this court has subject matter jurisdiction over the claims in this matter because, at all material times, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. 2006-07. In particular, at all material times, Plaintiffs were employees in the hospitality industry that required them to deal with clientele from other states on a regular basis including taking reservations from such out-of-state clientele.

23. Defendants have had an annual gross business volume in excess of $500,000 at all material times.

## V. FACTS

24. White Lodging Services Corp. operates a chain of approximately 110 hotels across the United States. RJL Development, LLC has or is purchasing most of these properties from White Lodging Services Corp.

25. Defendants employ hundreds of people as front desk personnel including, but not limited to, front desk supervisors, guest services representatives, sales coordinators and sales interns.

26. Defendants have a corporate policy of requiring its front desk personnel to work more hours than they were scheduled to work. However, Defendants instructed its employees to clock in and out according to the work schedule, instead of according to the hours actually worked. Defendants told its employees that in order to advance in the company, they were required to work long hours without pay. As a result of this corporate policy, employees regularly worked past their scheduled time both at the hotels and at home without compensation.

27. In addition, although employees were required to and in fact did frequently work more than forty (40) hours per week, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) hours.

28. Plaintiff and the class members are non-exempt employees.

29. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## VII. COLLECTIVE ACTION ALLEGATIONS

30. Nicole Joullian has actual knowledge that Class Members have also been denied compensation for all hours worked in a work week.

31. Other employees of Defendants were required to work hours "off the clock" and were not compensated for such hours in violation of the FLSA.

32. Although Defendants permit and/or require the Class Members to work hours "off the clock," Defendants have denied them full compensation for their hours worked.

33. The Class Members are current and former employees working as front desk personnel including, but not limited to, front desk supervisors, guest services representatives, sales coordinators and sales interns who perform or have performed the same or similar work.

34. In addition, Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

35. Class Members are not exempt from the Fair Labor Standards Act.

6

36. As such, Class Members, such as front desk personnel, are similar to Nicole Joullian in terms of work duties, pay structure and/or the denial of compensation.

37. Defendants' failure to compensate its employees for all hours worked at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

38. Nicole Joullian's experience, with respect to her pay and job responsibilities, is typical of the experience of the Class Members.

39. The specific job titles, precise job responsibilities and geographical location of each Class Member do not prevent collective treatment.

40. All Class Members, irrespective of their particular job requirements, are entitled to be compensated at their regular rate for all hours worked and are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and a rate of one and one-half their regular rates.

41. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

42. As such, the class of similarly situated plaintiffs is properly defined as follows:

> **The Class Members are all of Defendants' current and former employees working as front desk personnel including, but not limited to, front desk supervisors, guest services representatives, sales coordinators and sales interns from the period running three years prior to the date this lawsuit was filed up to and including the present date.**

## VIII. PLAINTIFF'S WAGE CLAIM

43. Plaintiff incorporate all allegations contained in the foregoing paragraphs.

44. Defendants' practice of failing to pay for all time worked violates the FLSA. 29 U.S.C. § 207.

45. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked and for overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to the Defendants or the Plaintiffs.

## IX. DAMAGES SOUGHT

46. Plaintiffs are entitled to recover compensation for their hours worked for which they were not paid. Plaintiffs are also entitled to recover their unpaid overtime compensation. Plaintiffs are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

47. Plaintiffs are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## X. PRAYER

For these reasons, Plaintiffs respectfully request judgment to be entered in their favor awarding them and the Class Members:

A. minimum wage and overtime compensation for all unpaid hours worked at the applicable rate;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

D. pre-judgment and post judgment interest at the highest rates allowed by law; and such other relief to which Plaintiffs may be entitled.

                Respectfully submitted,

                KENNEDY HODGES, L.L.P.

By: _____/S/_____
     Galvin B. Kennedy
     State Bar No. 00796870
     Federal Bar No. 20791
     3701 Kirby Drive, Suite 400
     Houston, Texas 77098
     Telephone: 713-523-0001
     Facsimile:  713-523-1116

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL

Mike Kerensky
State Bar No. 11331500
Federal I.D. No. 4446
THE KERENSKY LAW FIRM
5300 Memorial, Suite 950
Houston, TX 77007
Telephone: 713-522-8686
Facsimile: 713-522-6925